IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Lamont Hayes,<br><br>Plaintiff,<br><br>v.<br><br>Price, Tisdale, Mitchell, SCDC, Shane Jackson, Alenda Thomas,<br><br>Defendants. | Case No.: 8:25-cv-12635-SAL-WSB<br><br>**ORDER** |

Ricky Lamont Hayes, proceeding pro se, brings this action under 42 U.S.C. § 1983, asserting claims of excessive force and deliberate indifference against correctional officers with the South Carolina Department of Corrections ("SCDC"). Before the court is Hayes's motion for sanctions for spoliation of evidence. [ECF No. 83.] This matter is referred to United States Magistrate Judge William S. Brown, and pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), he issued a Report and Recommendation ("Report"), recommending the motion for sanctions be denied. [ECF No. 99.] Hayes objects. [ECF No. 112.]

## I. Background

Hayes filed this action on September 19, 2025, asserting claims for excessive force and deliberate indifference to his medical needs based upon an incident which allegedly occurred when officers were escorting him to his cell after a disciplinary hearing on October 10, 2023. [ECF Nos. 1, 71.] Hayes also claims Defendants refused to allow medical attention after the alleged excessive force. [ECF No. 1 at 6.]

Soon after the alleged incident, Hayes submitted a Step 1 Inmate Grievance Form, signed and dated October 14, 2023, stating "On October 10th, Ofc Price assaulted me in my room & used unnecessary & excessive force on me while going to my room from the DHO Hearing." [ECF No.

81-2.] The grievance form also asked that "the footage for the cameras in RHU F7N B side be preserved for further review for legal action and/or evidence . . . ." *Id.* The grievance form is stamped "Nov 27 REC'D," and there is a handwritten note that the date received was "11/29/23." *Id.* The form was processed on December 14, 2023. *Id.* The Warden denied Hayes's grievance after forwarding it to the Office of Investigations and Intelligence because Hayes's allegations of excessive force could not be substantiated. *Id.* at 2. The resolution gives no indication of what happened to the requested videos.

After filing his lawsuit, Hayes served discovery requests on Defendants seeking production of certain video footage from six separate dates, including October 10th. [ECF No. 81-1 at 3.] In response, Defendants stated that the video was not preserved because no timely request was made and because the video was available for only a limited time—"generally within 30 to 60 days"—before it was reused or overwritten. [ECF No. 81-1 at 3.]

Hayes then filed this motion for sanctions, alleging that Defendants destroyed relevant video evidence and that it would have helped his case. [ECF No. 83.] Defendants opposed the motion. [ECF No. 94.] The magistrate judge carefully considered the motion and found no basis for sanctions. [ECF No. 99 at 9.] Hayes then filed objections to the Report, arguing that the magistrate judge misinterpreted his motion for sanctions, considered it before it was ripe, and wrongfully denied the motion. [ECF No. 112.]

## II. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

(citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain its decision to adopt the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court need not give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 (4th Cir. 1994).

## III. Discussion

The Report thoroughly explains the applicable law and facts related to Hayes's motion for sanctions, which the court adopts. *See* ECF No. 99 at 1–9. The court agrees with the Report's conclusion that the record does not support imposing sanctions. But a brief review of the relevant law and the Report's analysis is helpful before turning to Hayes's objections.

### A. Standard for Imposing Sanctions

Under Federal Rule of Civil Procedure 37(e), a court may order sanctions against a party that fails to take reasonable steps to preserve electronically stored information that should have

been preserved in the anticipation or conduct of litigation and cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). To warrant such sanctions, four threshold elements must be established: (1) the information should have been preserved; (2) the information was lost; (3) the loss occurred because a party failed to take reasonable steps to preserve it; and (4) the information cannot be restored or recovered through additional discovery. *Carson v. Emergency MD, LLC*, No. 6:20-CV-01946-JD, 2023 WL 11959316, at *3 (D.S.C. July 6, 2023).

If these threshold elements are met, and if there is a finding of prejudice, the court may order "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). But if the court finds that the party responsible for the lost information "acted with intent to deprive another party of the information's use," the court may order more severe remedies, including a presumption that the information lost was unfavorable to the party at fault, a jury instruction to the same effect, or an entry of default judgment against the party at fault. Fed. R. Civ. P. 37(e)(2).

The moving party has the burden of proving the elements of Rule 37(e). *See Pratt v. Robbins*, No. 5:20-CV-170-GCM, 2024 WL 234730, at *2 (W.D.N.C. Jan. 22, 2024). The general approach of courts in the Fourth Circuit has been to apply a "clear and convincing evidence standard" if the movant, as here, seeks the more extreme sanctions under Rule 37(e)(2) such as an adverse inference or default judgment. *See Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 105 (E.D. Va. 2018).

**B. The Report**

The Report begins by noting it is not clear whether the electronically stored information ("ESI")—that is, the video—Hayes requested would have captured the alleged incident. [ECF No. 99 at 5.] Nevertheless, the Report recognizes that there is no dispute that the video evidence has been lost and cannot be restored or replaced, which satisfies two of Rule 37(e)'s four threshold

elements. *Id.* The parties dispute, however, whether, given the circumstances, Defendants had a duty to preserve the ESI and whether they failed to take reasonable steps to do so.

As to whether Hayes's grievance submission triggered a duty to preserve the video, the grievance form expressly asked SCDC to preserve the video. *See* 81-2 at 1. However, according to the date stamp on the grievance, that form, though signed and dated October 14th, was not received until November 27th at the earliest. *Id.* The magistrate judge notes that the parties do not explain this time discrepancy, but also Hayes fails to identify when and to whom he submitted his grievance form. [ECF No. 99 at 6.] Where SCDC's policy is to overwrite or reuse video after 30 to 60 days, Plaintiff has failed to show that he acted in time to put Defendants on notice that the ESI should have been preserved. *Id.* at 6–7.

Additionally, Defendants maintain that they took reasonable steps by following their standard retention policy. *Id.* at 7. While Plaintiff speculates that the video was deleted to deprive him of its use, he offers no evidence to support that position. *Id.* The Report therefore concludes that Plaintiff has not met his threshold burden under Rule 37(e). *Id.* at 7–9.

The magistrate judge also considered whether there was evidence either that the loss of the ESI prejudiced Hayes or that Defendants, or any party or representative of SCDC, ever viewed any video from the date of the incident. [ECF No. 99 at 8–9.] The Report concluded that prejudice had not been established where there was no evidence that the cameras were positioned such that they could have captured the alleged incident. *Id.* at 8. Nor was there anything beyond Hayes's speculation that the video was not preserved or that was overwritten intentionally. *Id.* at 8–9. The Report finds no basis for imposing sanctions, concluding, "At most, it appears that the video was overwritten because the SCDC facility had a policy which sets a narrow timeframe for maintaining video footage." *Id.* at 9.

**C. Hayes's Objections**

The court now considers Hayes's objections, which are numbered one through nine. *See* ECF No. 112. The court addresses each objection below but takes them out of order and groups them as appropriate.

To begin, in objection #2, Hayes argues that the Report was premature because his reply to the motion for sanctions, ECF No. 105, had not been received at the time the Report was filed. [ECF No. 112 at 4.] Hayes's reply was due on March 16, 2026. *See* ECF No. 94. And the magistrate judge filed his Report on March 25, 2026, well after that date. [ECF No. 99.] Hayes's reply was not received until April 8, 2026. *See* ECF Nos. 99, 105. Given this timeline, the court disagrees with Hayes that the Report was "premature," but the court has also considered Hayes's reply in ruling on this motion. As detailed here, his motion fails because he has failed to identify evidence to meet his burden under Rule 37(e). This objection is overruled.

Turning to objections #3 and #7, Hayes challenges the Report's statement that "it is not clear if any video would have captured the October 10th incident which is alleged to have occurred in Plaintiff's cell." *See* ECF No. 112 at 4–5, 7 (quoting ECF No. 99 at 5). Hayes points to his verified complaint in which he claims the incident began in the common room. *See* ECF No. 71 at 5. Although the verified complaint indicates that the majority of the incident occurred in Hayes's cell, for purposes of this motion, the court will accept Hayes's position that the videos he requested would have captured at least part of the incident. Even accepting this, to meet his burden, Hayes must do more than show that the video would have captured some or part of the incident.

In objections #5 and #6, Hayes addresses the discrepancy between the date he signed his grievance form and the date it was received. [ECF No. 112 at 6–7.] He claims that his grievance

would not have been processed if it had not been mailed within the five days after the incident.[1] *Id.* at 6. This may be, but while the timeliness of Hayes's request is a consideration, the date Defendants received notice is also relevant. Hayes points to no evidence that Defendants had notice of the need to preserve video prior to the date his grievance form was received—November 27th. *See Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013) ("Without a warning of future litigation or reason to believe that [evidence] . . . would be relevant in any event, the Coast Guard had no reason to change its standard routine."). Hayes also argues that the receipt date was within the 30- to 60-day window where the ESI would have been overwritten under SCDC policy, so Defendants could have attempted to recover the ESI upon receipt of his grievance. But that assertion is speculative. *Id.* at 6–7. Again, he offers no evidence from which the court can conclude that SCDC failed to take reasonable steps to preserve the ESI once it was made aware of the need to preserve the video. The court thus overrules these objections.

In objection #4, Hayes objects to the Report's statement that the parties do not dispute that Defendants failed to preserve any video footage of the October 10th incident. [ECF No. 112 at 5.] Hayes seems to misunderstand the import of that statement. The fact that the video footage no longer exists is not in dispute. The parties do, however, continue to dispute whether Defendants should have known to preserve the video and what the implications are for their failure to preserve. The court overrules this objection because the Report did not imply that the footage still exists or was not turned over.

[1] The grievance form references deadlines for timely submitting forms, but those are not necessarily based on the incident date. *See* ECF No. 81-2 at 2. For instance, the grievance form states that informal requests may be made prior to the grievance form being submitted, so it does not always follow that the form must be submitted within five days of the incident date. *Id.*

In his objections #8 and #9, Hayes argues that Defendants have failed to show that they attempted to view or preserve the ESI and that they took active steps to preserve it. [ECF No. 112 at 8.] These objections, while understandable, do not recognize where the burden lies on this motion. The moving party bears the burden of proving the threshold elements of Rule 37(e). As explained above and in the Report, Hayes has not met that burden. *See* ECF No. 99. These objections are thus overruled.

Finally, the court considers Hayes's objection #1 where he argues that the Report considered the sanction of default judgment but did not consider the sanction of an adverse inference. [ECF No. 112 at 4.] Although the Report specifically referenced the request for default judgment, and that was the basis for the magistrate judge issuing a Report instead of ruling on the motion, the analysis addresses whether Hayes has met the threshold burden for any sanction, including an adverse inference. This objection is overruled.

As the Report explains, Hayes did not meet his burden based on the evidence before the court. This court agrees sanctions are not warranted on this record.

## IV. Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, and on de novo review, the court hereby **ADOPTS** the Report, ECF No. 99, except as modified herein. Hayes's motion for sanctions, ECF No. 83, is **DENIED** based on the record currently before the court.

**IT IS SO ORDERED.**

Sherri A. Lydon
Sherri A. Lydon
United States District Judge

August 26, 2026
Columbia, South Carolina